## Hubert Fellrath et al. v. The Peoria German School Association.

1. CORPORATIONS—*Assets Trust Funds.*—The assets of a corporation are a trust fund and the directors have no right to appropriate them to their own use.

2. LACHES—*Application to Trust Funds.*—Courts of equity do not favor the application of the doctrine of *laches* to trust funds.

3. TRUST FUNDS—*Liability for Misappropriation.*—Where several persons misappropriate funds in their possession they become liable therefor as joint *tort feasors*, and one or all may be sued for the wrongful acts in which they all participated or shared.

**Bill to Recover Trust Funds.**—Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard

in this court at the December term, 1895. Affirmed. Opinion filed June 1, 1896.

ISAAC C. EDWARDS, attorney for appellants, contended that if the trust is perfectly created, so that the donor or settler has nothing more to do, and the person seeking to enforce it has need of no further conveyances from the settler, and nothing is required of the court but to give effect to the trust as an executed trust, it will be carried into effect, although it was without consideration, and the possession of the property was not changed. But if, on the other hand, the transaction is incomplete, and its final completion is asked in equity, the court will not interpose to perfect the settler's liability without first inquiring into the origin of the claim, and the nature of the consideration given. Perry on Trusts, Sec. 98; Adams' Eq. (6th Am. Ed.) 194–5; Lewin on Trusts (2d Am. Ed.) 134, 135; 2 Story's Eq. Jur., Sec. 793 a; McFadden v. Jenkyns, 1 Hare, 458.

A court of equity will not lend its aid to establish a trust at the instance of mere volunteers, if the transaction on which the voluntary trust is attempted to be established is still executory or incomplete. Clarke v. Lott, 11 Ill. 115; Perry on Trusts, Sec. 97.

A court of chancery will not lend its aid to complete a voluntary agreement establishing a trust, nor hold it binding and obligatory while it is executory. Padfield v. Padfield et al., 72 Ill. 326.

DAN. F. RAUM and JOSEPH A. WEIL, attorneys for appellee.

The assets of a corporation are in equity a trust fund, and the directors of a corporation are trustees, and have no power or right to use or appropriate the funds of the corporation to themselves, or to waste or misapply them. Wilkinson v. Dodd, 40 N. J. Eq. 142; Ackerman v. Holmes, 37 N. J. Eq. 364; Fougeray v. Cord, 24 Atl. Rep. (N. J. Eq.) 499; Brinkerhof v. Bostwick, 88 N. Y. 52; Wayne Pike Co. v. Hammons, 129 Ind. 368; Ellis et al. v. Ward, 137 Ill. 509.

It is a fiduciary relation where all the elements of an ex-

press trust exist, and to which the same principles are applicable. Lapse of time is not a bar to the enforcement of such a trust. Ellis et al. v. Ward, 137 Ill. 509.

Where officers act together in misappropriating the funds of a corporation, they are jointly liable for every act done in furtherance of the common design. The liability is that of *tort feasors*. Wayne Pike Co. v. Hammons, 129 Ind. 368; McCarty's Appeal, 110 Pa. St. 379; Thomp. Liability Off. of Corp. 353.

Consequently in a bill in chancery to recover misappropriated funds of a corporation, where the officers were jointly concerned, it is not necessary to join all those liable for such appropriation. *Idem.*

Interest is recoverable on funds misappropriated by an officer of a corporation. Wayne Pike Co. v. Hammons, *supra.*

Where trustees use the trust fund in their business they are chargeable with interest, and where there is gross misconduct, or willful negligence, the interest is given with annual rests. Ogden v. Larrabee, 57 Ill. 389; Asay v. Allen et al., 124 Ill. 391.

Where one chargeable constructively as trustee, uses the trust fund in his private business, the same as his own, he will be liable for interest on the same. Lehman v. Rothbarth, 111 Ill. 185.

Mr. Justice Crabtree delivered the opinion of the Court.

This was a suit in equity brought by appellee against Herbert Felrath, Adam Engler, J. C. Seipel, Fred W. Hoeler, George Proehmer, Fred Winkelmeyer and John J. Wombacker, appellants, and John Hartter. The German School Association of North Peoria was afterward made a defendant and answered the bill. Hartter not being served with process, the bill was, as to him, dismissed.

There was a decree in the court below according to the prayer of the bill, against the appellants.

The facts of the case as found by the Circuit Court, and which seem to be shown by the evidence, are substantially as follows:

Appellee is a corporation organized under a special act of the general assembly, approved February 16, 1875, entitled " An act to incorporate the Peoria German School Association," the objects specified being the maintenance of a German school in Peoria, and the charter gives it power to acquire and hold property. Priv. Laws 1865, Vol. 1, p. 36.

On May 4, 1876, a number of persons having raised a subscription fund of $500, held a meeting to organize an association for the purpose of establishing a similar school in the northern part of Peoria, at which meeting a president and secretary were elected, the name of " German School Association of North Peoria" was adopted, and a committee appointed to report a constitution and by-laws. A second meeting of the subscribers to the fund was held May 15, 1876, when a constitution and by-laws were reported and adopted.

We think the preponderance of the evidence shows, and the court below so found, that the constitution thus adopted contained a provision that if at any time thereafter the school which was to be established by the German School Association of North Peoria should from any cause or reason be discontinued or abandoned, then in such case all property, whether real or personal, all credits, bonds, mortgages, notes and choses in action, of every nature or kind whatsoever, should be turned over to and become the property of the " Peoria German School Association " for its use and benefit.

About June 30, 1876, this second school association became incorporated under the general law as the " German School Association of North Peoria." It maintained a school for several years according to the scheme of its organization, but in February, 1882, the teacher was dismissed, and the further maintenance of the school abandoned. No attempt has ever been since made to revive or carry on the school.

In the following October the school property owned by the association was sold, and there remained of funds on hand, after paying all indebtedness, about the sum of $800.

This fund was loaned out from time to time until December, 1890, the interest received thereon being turned over and paid to appellee. On December 5, 1890, there was on hand $819, and on that date appellants, together with said John Hartter, had a meeting, and voted to pay out of said fund, to each of themselves, the sum of $100, and the remaining nineteen dollars they voted to pay to appellee. This arrangement was carried out, each of the seven appellants and John Hartter receiving $100 and the nineteen dollars being paid to the treasurer of appellee.

At this time the officers of the German School Association of North Peoria were Fred W. Howeler, president; Herbert Fellrath, vice-president; Adam Engler, secretary; John J. Wombacher, treasurer; George Proehmer and Fred Winkelmeyer, trustees. These parties are six of the appellants herein. The court decreed appellants to pay appellee $800 with legal interest from December 5, 1890, amounting altogether to $984.45, besides costs of suit.

A very careful examination of the evidence satisfies us, the court was warranted in finding that the moneys remaining in the possession of appellants at the time they made a division thereof among themselves, were trust funds in their hands for the benefit of appellee, and for which appellants should be held responsible.

The officers, trustees and members of the German School Association of North Peoria, were bound by the law of their organization, which has been hereinabove set forth. The $800 divided did not belong to appellants as individuals and it was not their private property. They may originally have contributed some portion of it, by way of voluntary subscription, for the purpose of aiding in the establishment of a German school in North Peoria, but there can be no question the funds belonged to the corporation known as the German School Association of North Peoria, as the proceeds of the sale of its property; and by the terms of the by-laws above mentioned, on the discontinuance or abandonment of the school, these funds were to become the property of appellee. This contingency having happened, in

equity the title to the funds had vested in appellee, and they should have been paid to it. The fact that appellants for several years paid the interest received upon this fund, to appellee, and also the balance of $19 remaining after the distribution of the $800 are strong circumstances to show that they regarded appellee as having some rights in the fund.

Appellants insist that even if appellee once had a right to the fund, such right has been lost by *laches*. We think this contention is not well founded. The balance due on the sale of the school property does not appear to have come to the hands of appellants until some time in 1888, and as we have seen, for some two years or more the interest was paid to appellee, and the latter could have had no notice that appellants would disregard and violate their trust until they divided the $800 of the trust fund among themselves, which was on December 5, 1890, less than four years prior to the filing of the bill in this case. It may be stated, as a general proposition, that courts of equity do not favor the application of the doctrine of *laches* to a trust fund, and under the circumstances appearing in this case, we are of the opinion this suit was commenced in apt time.

There was no error in proceeding against appellants after the defendant Hartter was dismissed out of the case. By the act of these appellants in misappropriating the funds, they became liable therefore as joint *tort feasors,* and one or all might be sued for the wrongful acts in which they all participated and shared. The authorities on this point are clear, and we do not deem it necessary to cite them.

The court properly allowed interest on this fund from the date of its conversion. The decree was right and will be affirmed.